Charles J. Hague  
vs.     No. 63280  
Salim Zalfa, et al.

August 22, 1928.

CAPOTOSTO, J. The plaintiff recovered a verdict of $400 on a claim for, extra work and material used in the erection of a building for the defendant. The defendant moves for a new trial upon the usual grounds.

The parties, as usual in this class of cases, succeeded in creating a situation which was most confusing to the jury. The plaintiff in writing agreed to build a house for the defendant on Adams Avenue, Central Falls, similar in certain respects to another house which he had built for the defendant on West Avenue, Pawtucket. The contract, which was prepared by the plaintiff, provided that the plaintiff was "to furnish the necessary material and labor." Defendant agreed to pay $10,100 for the house. During the course of construction some additions were requested and some changes were made necessary by the difference in area of the Adams Avenue and the West Avenue lots. The present diffculty concerns these additions and changes.

The defendant filed a plea in set-off. The bill of particulars of each party is padded. The problem is what, if anything, is either party justly entitled to. Taking up the plaintiff's claim first, we find that he claims compensation for fifteen different items. Items 14 and 15, amounting to $97, should be disallowed. When the work was completed the plaintiff and the defendant had an accounting with reference to the payment of the contract price of $10,100. At this time the defendant claimed a deduction of $97 for various reasons. This claim was apparently conceded by the plaintiff as he accepted the sum of $10,003 in satisfaction of the contract. To attempt to recover this sum now is unjust.

The plaintiff should not recover for items 2 and 5. By his contract he was "to furnish the necessary material" to construct the house. The language which he saw fit to use is plain and unequivocal. He makes no exception whatsoever. Under such circumstances the contract will be construed most strictly against him. In support of these two items, which had to do with the carting of some 20,000 bricks and the furnishing of 400 more, the plaintiff claimed that his agreement, as embodied in the contract, was to supply all materials excepting the bricks. The bricks which the plaintiff carted and used unquestionably belonged to the defendant. The defendant denies the plaintiff's claim in this respect and asserts that the plaintiff used his bricks under an understanding of either returning a similar number of bricks or paying for what he used. In view of the wording of the contract and the unconvincing character of the plaintiff's testimony upon this point, the plaintiff should not recover for these items.

Item 13 of the plaintiff's claim,

which is a charge of $150 for three extra clothes-presses, is not supported by a preponderance of the credible testimony. The evidence offered in corroboration of his own statement is indefinite, while the testimony in contradiction is direct and positive. This item should be disallowed.

Proof as to item 10 was fragmentary and insufficient to sustain recovery.

Items 3, 4, 6, 8, 9 and 12 are not disputed by the defendant.

Items 1, 7 and 11 presented disputed questions of fact which might reasonably be resolved in favor of the plaintiff. These three items total $258.94.

From a careful review of all the circumstances, this Court finds that the plaintiff is not entitled to recover for items 2, 5, 10, 13, 14 and 15, and that he might reasonably be allowed compensation for items 1, 3, 4, 6, 7, 8, 9, 11 and 12 in the total sum of $371.69.

The defendant's claim in set-off must be disregarded excepting as to items 1 and 2. Item 1 can not be allowed because the use of steel beams was not in the contemplation of the parties at the time the contract was made. It was material of a different type from what had been used in any other house which the plaintiff built for the defendant. As the defendant saw fit to substitute steel beams in place of other construction, he should stand the cost of such substituted material.

The defendant's demand for compensation for the 20,000 or more bricks which the plaintiff used is justified. The reasons hereinbefore stated in disallowing items 2 and 5 of the plaintiff's claim apply with equal force in the allowance of this item of $252 to the defendant.

The fair preponderance of the credible testimony in this case establishes a claim of $371.69 in favor of the plaintiff and a credit of $252 due the defendant. The plaintiff is entitled to the difference between these two sums, or $119.69. The writ in this case is dated March 11, 1925, and the verdict was returned on May 16, 1928. The plaintiff should recover the additional sum of $23.24 as interest upon the amount actually due him for the period of 3 years, 2 months and 5 days, making a complete total of $142.93.

If the plaintiff within five days of the filing of this rescript remits all of the verdict in excess of $142.93, the defendant's motion for a new trial is denied, otherwise the motion is granted.

For plaintiff: Thomas L. Carty.

For defendants: James E. Brennan.